IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-30066 |
| | ) | |
| LENOYD WORTHY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Lenoyd Worthy's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Motion).  See d/e 22.  Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2).  Therefore, Defendant's Motion is DISMISSED for lack of subject-matter jurisdiction.

## FACTS

In August 2007, Defendant pleaded guilty to possession with intent to distribute five or more grams of cocaine base (crack) (21 U.S.C. §

841(a)(1), (b)(1)(B)) (Count I) and illegal possession of a firearm by a felon (18 U.S.C. § 922(g)) (Count II).  The Presentence Investigation Report (PSR) reflects that Defendant was a career offender.  Based on an offense level of 34 and a criminal history category of VI, Defendant's sentencing guideline range was 262 to 327 months' imprisonment.  At the November 2007 sentencing hearing, the Court adopted the PSR and sentenced Defendant to 262 months' imprisonment on Count I and a concurrent 120-month sentence on Count II.

On February 1, 2013, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 22).  This Court appointed the Federal Public Defender to represent Defendant on his Motion.

On February 21, 2013, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant.  See d/e 23.  Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because (1) Defendant was sentenced as a career offender; (2)  none of the statutory

changes made by the Fair Sentencing Act applied to Defendant's case because Defendant was sentenced in November 2007, before the Fair Sentencing Act became law; and (3) the Court cannot reduce Defendant's sentence based on his post-sentencing rehabilitation because Defendant is not eligible for resentencing.

On March 4, 2013, this Court granted the Federal Public Defender's Motion to Withdraw as Counsel and gave Defendant until April 19, 2013 to file any supplement or new motion. Defendant replied that he wanted to stand on his pro se motion.

## ANALYSIS

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). The Fair Sentencing Act does not apply retroactively. Bell, 624 F.3d at 814. Therefore, as an initial matter, none of the statutory changes made

by the Fair Sentencing Act apply to Defendant because he was sentenced before the Fair Sentencing Act became law.

The Act did, however, require that the United States Sentencing Commission amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374. The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a

reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D. Va. 2011).

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)).

Defendant, citing Pepper v. United States, 131 S.Ct. 1229 (2011), also argues that the Court should consider his post-sentencing rehabilitation and references some of the things he has done to better himself while incarcerated. In Pepper, our Supreme Court held that when a defendant's sentence is set aside on appeal and remanded for resentencing, the district court may consider evidence of the defendant's postsentencing rehabilitation at resentencing. Id. at 1241. Defendant's reliance on Pepper is misplaced. Defendant's sentence has not been set

aside on appeal. A decision under § 3582(c)(2) is not a form of resentencing. United States v. Tapps, 2011 WL 835752, at *1 (7th Cir. 2011). Rather, it is "a summary procedure designed to implement a change in the Sentencing Guidelines." Moreover, Pepper does not provide an independent basis on which this Court could reconsider Defendant's sentence.

## CONCLUSION

For the reasons stated Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 22) is DISMISSED for lack of subject-matter jurisdiction.

ENTERED: June 18, 2013

FOR THE COURT:

                                  s/ Sue E. Myerscough
                                    SUE E. MYERSCOUGH
                           UNITED STATES DISTRICT JUDGE